# REQUEST FOR EMERGENCY INJUNCTION ATTACHED

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

# UNITED STATES DISTRICT COURT

for the

Middle  District of Florida

Tampa Division

| | | |
|---|---|---|
| | ) | Case No. _____ |
| | ) | |
| Brian C Chubboy (Pro-Se) | ) | *(to be filled in by the Clerk's Office)* |
| _____ | ) | |
| *Plaintiff(s)* | ) | |
| *(Write the full name of each plaintiff who is filing this complaint.* | ) | |
| *If the names of all the plaintiffs cannot fit in the space above,* | ) | |
| *please write "see attached" in the space and attach an additional* | ) | |
| *page with the full list of names.)* | ) | |
| **-v-** | ) | |
| | ) | |
| | ) | |
| | ) | |
| See Attachment A | ) | |
| _____ | ) | |
| *Defendant(s)* | ) | |
| *(Write the full name of each defendant who is being sued.  If the* | ) | |
| *names of all the defendants cannot fit in the space above, please* | ) | |
| *write "see attached" in the space and attach an additional page* | ) | |
| *with the full list of names.)* | ) | |

## COMPLAINT AND REQUEST FOR INJUNCTION

I.    **The Parties to This Complaint**

    A.    **The Plaintiff(s)**

        Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | |
|---|---|
| Name | Brian C Chubboy |
| Street Address | 7858 Bailey Drive |
| City and County | Eden Prairie, Hennipen |
| State and Zip Code | Minnesota, 55347 |
| Telephone Number | 952-426-1469 |
| E-mail Address | bchubboy@gmail.com |

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

**B.    The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title *(if known)*.  Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Nona C  Chubboy |
| Job or Title *(if known)* | |
| Street Address | 727 Columbus Drive |
| City and County | Tierra Verde, Pinellas |
| State and Zip Code | Florida, 33715 |
| Telephone Number | 727-873-7579 |
| E-mail Address *(if known)* | NCC72729@gmail.com |

Defendant No. 2

| | |
|---|---|
| Name | Melissa F. Williams |
| Job or Title *(if known)* | Attorney for Nona C Chubboy |
| Street Address | 111 Second Ave. NE, Suite 909 |
| City and County | St. Petersburg, Pinellas |
| State and Zip Code | Florida 33701 |
| Telephone Number | 727-280-6837 |
| E-mail Address *(if known)* | Melissa@FinelyWilliamsLaw.com |

Defendant No. 3

| | |
|---|---|
| Name | Pamela Campbell |
| Job or Title *(if known)* | Judge for the Sixth Judicial Circuit |
| Street Address | 545 First Avenue North |
| City and County | St. Petersburg, Pinellas |
| State and Zip Code | Florida, 33701 |
| Telephone Number | (727) 582-7734 |
| E-mail Address *(if known)* | section4@jud6.org |

Defendant No. 4

| | |
|---|---|
| Name | Shawn Crane |
| Job or Title *(if known)* | Chief Judge for the Sixth Judicial Circuit |
| Street Address | 14250 49th St. North |
| City and County | Clearwater 33762, Pinellas |
| State and Zip Code | Florida 33762 |
| Telephone Number | 727.453.7401 |

E-mail Address *(if known)*     courts@jud6.org.
_____

## II.     Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power).  Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case.  In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☒ Federal question          ☒ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A.     If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

The Defendants viloated Plantiff's civil rigths and due process protections under the U.S. Constitution Fourteenth Amendment Section 1 in a case before, the Circuit Court of the Sixth Judical Circuit (Case No. 24-002817-GD) and the appeal before the Court of Appeal of Florida Second District (Case No. 2D2024-1002).

### B.     If the Basis for Jurisdiction Is Diversity of Citizenship

1.     The Plaintiff(s)

   a.     If the plaintiff is an individual

   The plaintiff, *(name)*   Brian C Chubboy _____ , is a citizen of the State of *(name)*   Minnesota _____ .

   b.     If the plaintiff is a corporation

   The plaintiff, *(name)* _____ , is incorporated under the laws of the State of *(name)* _____ , and has its principal place of business in the State of *(name)*

   _____ .

   *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.     The Defendant(s)

   a.     If the defendant is an individual

   The defendant, *(name)*   See Attachment A _____ , is a citizen of

the State of *(name)*    Florida                              . Or is a citizen of

*(foreign nation)*                                  .

       b.      If the defendant is a corporation

The defendant,  *(name)*                              , is incorporated under

the laws of the State of *(name)*                              , and has its

principal place of business in the State of *(name)*                              .

Or is incorporated under the laws of *(foreign nation)*                              ,

and has its principal place of business in *(name)*                              .

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

    3.      The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

$310,000 USD is the intial amount at stake and does not include damages by Defendants (See, Attachments A-C).

## III.   Statement of Claim

Write a short and plain statement of the claim.  Do not make legal arguments.  State as briefly as possible the facts showing that each plaintiff is entitled to the injunction or other relief sought.  State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

    A.     Where did the events giving rise to your claim(s) occur?

      See Attachment B

    B.     What date and approximate time did the events giving rise to your claim(s) occur?

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

        See Attachment B

---

C.     What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

       See Attachment B

---

## IV.    Irreparable Injury

Explain why monetary damages at a later time would not adequately compensate you for the injuries you sustained, are sustaining, or will sustain as a result of the events described above, or why such compensation could not be measured.

See Attachment C

---

## V.    Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

See Attachment C

## VI.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:            03/10/2025

Signature of Plaintiff

Printed Name of Plaintiff        Brian C Chubboy

### B.    For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

E-mail Address                    _____

# Attachment A:

## I. COMPLETE LIST OF DEFENDANTS
## AND CITIZENSHIP [1]

### Defendant No. 1

| | |
|---|---|
| Name | Nona C. Chubboy |
| Job or Title (*if known*) | |
| Street Address | 727 Columbus Drive |
| City and County | Tierra Verde, Pinellas |
| State and Zip Code | Florida, 33715 |
| Telephone Number | 727-873-7579 |
| E-Mail Address (*if known*) | NCC72729@gmail.com |

### Defendant No. 2

| | |
|---|---|
| Name | Melissa F. Williams |
| Job or Title (*if known*) | Attorney for Nona C Chubboy |
| Street Address | 111 Second Ave. NE, Suite 909 |
| City and County | St. Petersburg, Pinellas |
| State and Zip Code | Florida 33701 |
| Telephone Number | 727-280-6837 |
| E-Mail Address (*if known*) | Melissa@FinelyWilliamsLaw.com |

### Defendant No. 3

| | |
|---|---|
| Name | Pamela Campbell |
| Job or Title (*if known*) | Judge for the Sixth Judicial Circuit |
| Street Address | 545 First Avenue North |
| City and County | St. Petersburg, Pinellas |
| State and Zip Code | Florida, 33701 |
| Telephone Number | (727) 582-7734 |
| E-Mail Address (*if known*) | section4@jud6.org |

---

[1]  All Defendants listed in this case are residents of Florida.

**Defendant No. 4**

| | |
|---|---|
| Name | Shawn Crane |
| Job or Title (*if known*) | Chief Judge for the Sixth Judicial Circuit |
| Street Address | 4250 49th St. North |
| City and County | Clearwater 33762, Pinellas |
| State and Zip Code | Florida 33762 |
| Telephone Number | 727.453.7401 |
| E-Mail Address (*if known*) | courts@jud6.org |

**Defendant No. 5**

| | |
|---|---|
| Name | Daniel H. Sleet |
| Job or Title (*if known*) | Chief Judge Second District Court of Appeal |
| Street Address | 1700 N. Tampa Street, Suite 300 |
| City and County | Tampa, Hillsborough |
| State and Zip Code | Tampa, Florida 33602 |
| Telephone Number | (727) 610-3741 |
| E-Mail Address (*if known*) | _____ |

**Defendant No. 6**

| | |
|---|---|
| Name | Patricia J. Kelly |
| Job or Title (*if known*) | Judge Second District Court of Appeal |
| Street Address | 1700 N. Tampa Street, Suite 300 |
| City and County | Tampa, Hillsborough |
| State and Zip Code | Tampa, Florida 33602 |
| Telephone Number | (727) 610-3741 |
| E-Mail Address (*if known*) | _____ |

**Defendant No. 7**

| | |
|---|---|
| Name | Craig C. Villanti |
| Job or Title (*if known*) | Judge Second District Court of Appeal |
| Street Address | 1700 N. Tampa Street, Suite 300 |
| City and County | Tampa, Hillsborough |
| State and Zip Code | Tampa, Florida 33602 |
| Telephone Number | (727) 610-3741 |
| E-Mail Address (*if known*) | _____ |

**Defendant No. 8**

| | |
|---|---|
| Name | J. Andrew "Drew" Atkinson |
| Job or Title (*if known*) | Judge Second District Court of Appeal |
| Street Address | 1700 N. Tampa Street, Suite 300 |
| City and County | Tampa, Hillsborough |
| State and Zip Code | Tampa, Florida 33602 |
| Telephone Number | (727) 610-3741 |
| E-Mail Address (*if known*) | _____ |

**Defendant No. 9**

| | |
|---|---|
| Name | Gregory K. Chubboy |
| Job or Title (*if known*) | POA for Nona C Chubboy |
| Street Address | 727 Columbus Drive |
| City and County | Tierra Verde, Pinellas |
| State and Zip Code | Florida, 33715 |
| Telephone Number | 727-873-7579 |
| E-Mail Address (*if known*) | bearhobbiesusa@outlook.com |

**Defendant No. 10**

| | |
|---|---|
| Name | Julie A. McNeil |
| Job or Title (*if known*) | POA for Nona C Chubboy |
| Street Address | 727 Columbus Drive |
| City and County | Tierra Verde, Pinellas |
| State and Zip Code | Florida, 33715 |
| Telephone Number | 727-873-7579 |
| E-Mail Address (*if known*) | juliecmcneil@gmail.com |

# Attachment B:

## II. FORWARD STATEMENT

Plaintiff is requesting an **Emergency Injunction** from The U.S. District Court for the Middle District of Florida Tampa Division ("Court") against the use of the Sixth Judicial Circuit ("LT" [2]) Final Judgment of Injunction for Protection Against Exploitation of a Vulnerable Adult dated April 1, 2024 ("Final Judgment") against ceasing Plaintiff's property, holding new hearings, new legal actions, and the incarceration of Plaintiff. The Plaintiff will prove the Final Judgment was obtained without due process and contains fraudulent statements known to be false by the LT judge [Defendant #3], a travesty of justice.

The Final Judgement was affirmed by the District Court of Appeal of Florida Second District ("Appeals Court") on January 3, 2025 without any basis of fact or law cited, stopping any additional appeal; further propagating the fraud and violations of due process by the government. Plaintiff will provide undisputable facts, timeline, and each Defendant's role herein; detailing the violations of Plaintiff's civil rights.

## III. STATEMENT OF THE CASE

1. This action was commenced in the Florida Sixth Judicial Circuit ("LT") (Case Number 24-002817-GD) by Defendant #1 Attorney [Defendant #2] ex parte work with the Honorable Judge Pamela A.M. Campbell [Defendant #3].

2. Plaintiff was served with a 9-page underlined-unmarked Temporary Injunction for Protection Against Exploitation of a Vulnerable Adult (Without Notice) [3]

---

[2] LT = Lower Tribunal Court
[3] *See,* Exhibit 1: A copy of the Temporary Injunction for Protection Against Exploitation of a Vulnerable Adult (Without

("Temporary Injunction") on Wednesday night March 20, 2024 at Plaintiff's home in Eden Prairie, Minnesota. <u>It is a fact: no other document was included with the 9-page unsigned/unfiled Temporary Injunction court order (with witnesses).</u>

3. Plaintiff attended the scheduled Zoom LT **Hearing** [4] ("Hearing") on April 1, 2024. Plaintiff left the hearing after approx. fifteen minutes and after accepting the LT judge's [Defendant #3] invitation to leave. Plaintiff was only given <u>six-working days to find a Florida attorney and produce a defense</u> **without** <u>any prior knowledge of Petitioner's [Defendant #1] evidence or reason or grounds for the LT Hearing.</u>

4. Plaintiff received the **Final Judgment of Injunction for Protection Against Exploitation of a Vulnerable Adult (After Notice)** ("Final Judgment") [5] on April 2, 2024; served by email from the LT judge [Defendant #3].

5. Plaintiff was then served by Defendant #1's attorney [Defendant #2] representative with the **Petition and other documents** [6] ("case evidence") on Friday April 12, 2024; at Plaintiff's home in Eden Prairie, Minnesota. **<u>This is the first time, Plaintiff had received the petition or any evidence submitted in this case; eleven (11) days AFTER the April 1st Hearing and ten (10 days after the April 2nd Final Injunction was received from the LT [Defendant #3].</u>**

---

Notice) dated March 22, 2024.

[4] *See,* Exhibit 2: A copy of the complete April 1, 2024 LT Hearing Transcript.
[5] *See,* Exhibit 3: A copy of the Final Judgment of Injunction for Protection Against Exploitation of a Vulnerable Adult (After Notice) dated April 1, 2024.
[6] *See,* Exhibit 4: A copy of the petition and other documents served by [Defendant #1's] attorney representative on April 12, 2024 to Plaintiff.

6.  Plaintiff filed the **Notice of Appeal** to the with the District Court of

Appeal of Florida Second District ("Appeals Court") on April 29, 2024.

7.  Plaintiff filed the **Initial Brief with Exhibits** with the Appeals Court on

July 7, 2024.

8.  Plaintiff filed the **Appendix for the Brief** with the Appeals Court on

July 10, 2024.

9.  Plaintiff filed a **Motion to Supplement the Record-Audio File** [7] dated

July 29, 2024 filed with the Appeals Court (with USB Drive Audio Recording

Attached dated June 2023).

10. Defendant #2 filed the **Answer Brief** filed with the Appeals Court on July 30,

2024.

11. Plaintiff filed a **Reply Brief with Exhibits** with the Appeals Court on August

17, 2024.

12. The Appeals Court [Defendants # 5-8] opinion [8] dated January 3, 2025:

"affirmed" the LT without any basis in fact or law. Stopping the appeal process.

13. Defendant #1 attorney [Defendant #2] filed a Verified Motion for Indirect Civil

Contempt and Motion for Indirect Criminal Contempt [9] filed January 28, 2025 in

the LT judge [Defendant #3] seeking the incarceration of Plaintiff; based on the LT

---

[7] *See,* Exhibit 5: A copy of the Plaintiff's Motion to Supplement the Record-Audio File dated July 29, 2024 filed with the District Court of Appeal of Florida Second District (with USB Drive Audio Recording Attached dated June 2023.

[8] *See,* Exhibit 6: A copy of the District Court of Appeal of Florida Second District opinion dated January 3, 2025.

[9] *See,* Exhibit 7: A copy of the Verified Motion for Indirect Civil Contempt and Motion for Indirect Criminal Contempt filed January 28, 2025 in Florida Sixth Judicial Circuit: Petitioner Nona Chubboy and Plaintiff Brian Chubboy.

[Defendant #3] Final Judgment dated April 1, 2024 and the Appeals Court [Defendants # 5-8] opinion dated January 3, 2025.

14. Lastly, Defendant #1 as pro-se filed a Notice of Filing and Entry of Foreign Judgment on February 4, 2025 in the District Court Fourth Judicial District of the State of Minnesota [10]: Court File Number 27-CV-25-2060 Creditor [Defendant #1].

## IV. INTRODUCTION

15. Plaintiff had access Defendant #1 banking and investment accounts for decades and operated many businesses together in partnership. Including stocks and bonds.

16. Plaintiff and Defendant #1 were "snow birds" living and sharing homes in Florida and Minnesota. Plaintiff paid for most of Defendant #1 expenses for decades with the written and oral agreements that Plaintiff would inherit all of Defendant #1 estate; including real-estate in Florida and Minnesota. In turn, Defendant #1 designated Plaintiff executor of her will and power of attorney both health care and durable starting in 1991 in Florida.

17. Defendant #1 spent months in Minnesota each year for the past 20 years. Plaintiff paid for most of Defendant #1 expenses for decades including first and second mortgage payments, home owner's fees, utilities, insurance, transportation, clothing/shoes, food, vitamins, property taxes, TVs, furniture, as well as renovated

---

[10] *See,* Exhibit 8: A copy of the Defendant #1's Notice of Filing and Entry of Foreign Judgment filed February 4, 2025 in the District Court Fourth Judicial District of the State of Minnesota: Court File Number 27-CV-25-2060 Creditor-Nona Chubboy.

both homes to accommodate Defendant #1 physical struggles as Plaintiff promised his father. Plaintiff spent 40%-70% of his time with Defendant #1 as well as did Plaintiff's wife. All the expenses were documented.

18. Defendant #1 updated Plaintiff's Florida Health Care POA [11] and Durable POA [12] in November 30, 2022. Defendant #1 designated Plaintiff as POA in Minnesota [13] on May 12, 2020 to manage Defendant #1 real-estate in Minnesota as well as provided blank checks for multiple bank accounts to execute the POAs.

19. Each action Plaintiff has taken in regards to Defendant #1 financial and medical affairs were in **good faith** and under the direction of Defendant #1 long-time attorneys in Florida and Minnesota legal teams.

20. The funds in the judgment were consumed to paid the partial debt of Defendant #1 as authorized by both the Florida and Minnesota POAs. More debt remains (approx. $470K USD).

21. Defendant #1 suffered a stroke in Jan 2022. Defendant #1 was placed in Plaintiff's care. Plaintiff helped litigated against the health care provider recovering $400K USD in September 2023 [14]. This example and hundreds more demonstrate Plaintiff acted in good faith…over and beyond…taking care of

---

[11] *See,* Exhibit 9: A copy of the Florida Durable Power of Attorney dated November 30, 2022 designating Brian Chubboy as POA signed by Nona Chubboy.
[12] *See,* Exhibit 10: A copy of the Florida Health Care Power of Attorney dated November 30, 2022 designating Brian Chubboy as HCPOA signed by Nona Chubboy.
[13] *See,* Exhibit 11: A copy of the Statutory Short Form Power of Attorney Minnesota Statutes, Section 523.23 dated May 12, 2020 designating Brian Chubboy as POA signed by Nona Chubboy.
[14] *See,* Exhibit 12: A copy of the Petitioner's [Defendant #1] Malpractice Lawsuit Settlement Agreement dated August 11, 2023 also signed by Respondent [Plaintiff] as POA).

Defendant #1 health care and finances.

## V. STATEMENT OF CLAIMS

22. Plaintiff is requesting relief in the form of an **Emergency Injunction** from the Court against the use of the LT [Defendant #3] Final Judgment [15] for any action; including the ceasing Plaintiff's property and the incarceration of Plaintiff; which would result in additional irreparable harm based on the following claims and support evidence.

23. Claim 1: The Court must issue an Emergency Injunction because the Plaintiff did not receive notice of the hearing on April 1, 2024 from Defendants #1-#3 in sufficient time to enable the Plaintiff to defend. Plaintiff was only given six-working days to find a Florida attorney and produce a defense **without** any prior knowledge of evidence or reason or grounds for the LT Hearing from Defendants #1-#3.

24. Claim 2: The Court must issue an Emergency Injunction because the Plaintiff did not receive the **Defendant #1 petition prior to the Hearing.** Only a 9-page unsigned-unmarked Temporary Injunction [16]. The April 1, 2024 Hearing in the LT [Defendants #2-#3] leading to the final judgment was not compatible with the requirements of due process of law.

### Claim 2 Detail

24.A. Plaintiff presented on video the 9-page unsigned Temporary Injunction [17] received from Defendant #1 attorney [Defendant#2]; page by page at the April 1

---

[15] *See,* Exhibit 3: A copy of the Final Judgment of Injunction for Protection Against Exploitation of a Vulnerable Adult (After Notice) dated April 1, 2024.

[16] *See,* Exhibit 1: A copy of the Temporary Injunction for Protection Against Exploitation of a Vulnerable Adult (Without Notice) dated March 18, 2024.

[17] *Id.*

2024 recorded Hearing. The document [18] not only was _unsigned_ by Defendant #3 and LT court clerk; but _un-marked_ which contained no court stamps, no notary stamp, no boxes were checked…no docket or court refence filing numbers were added by the LT.

**24.B. During the hearing, the Defendant #3 acknowledge the document [19] was the judge's own and affirmed it was not signed. In addition, the LT judge [Defendant #3] affirmed Plaintiff's testimony; that it was the only document [20] Plaintiff received prior to the April 1 2024 LT Hearing.**

24.C. **From the Hearing Transcript** [21] Plaintiff cites the conversation between Defendant #3 and Plaintiff concerning the 9-page unsigned LT **Temporary Injunction** document [22] presented on the Zoom video display:

And from page 13:

"*15 Q All right. And so there was a -- what signed –*

*16 or what's filed in the court file is an affidavit of*

*17 service by a Richard Randall that says that you were*

*18 served on March 20th at 6:02 PM the temporary injunction*

---

[18] *See,* Exhibit 1: A copy of the Temporary Injunction for Protection Against Exploitation of a Vulnerable Adult (Without Notice) dated March 18, 2024.
[19] *Id.*
[20] *Id.*
[21] *See,* Exhibit 2: A copy of the complete April 1, 2024 Hearing Transcript.
[22] *See,* Exhibit 1: A copy of the Temporary Injunction for Protection Against Exploitation of a Vulnerable Adult (Without Notice) dated March 18, 2024.

*19 for this case at that address.*

*20 So are you saying that you did not receive that?*

*21 A I received a blank, unsigned copy. And I will*

*22 share the screen here if I can figure out how to do that,*

*23 if it so please the Court.*

*24 Q And so, you are here this morning though because*

*25 -- on Zoom because -- because of that notice?*

*14 1 A Yes. To prevent, you know, this injustice."* [23]

<u>And from pages 14 and 15:</u>

*"12 A Your Honor, this is the document I received.*

*13 UNIDENTIFIED SPEAKER: (Unintelligible.)*

*14 A Can you see it?*

*15 Q Yes, sir. Just keep scrolling on down.*

*16 A Thank you, ma'am.*

*17 Yes. I'm going to go slow so you can see it. I*

*18 don't want to rush it.*

*19 Q That's all right. I'm familiar with what it*

*20 says.*

*21 A Okay. So I'll get to Page 8 and 9. Let me hold*

---

[23] *See,* Exhibit 2: A copy of the complete April 1, 2024 Hearing Transcript page 13.

*22 it there.*

*23 Q Okay. And –*

*24 A (Unintelligible.)*

*25 Q What else –*

*1 A The next page -- I'm sorry. Go to the next*

*2 page, that's Page 9. This is all I received.*

*3 Q Okay. And did you receive any petition or*

*4 anything else with that?*

*5 A No, Your Honor. Nothing.*

*6 Q Okay. All right. Thank you. You can stop*

*7 sharing"* [24]

**24.D. It should be clear to the LT [Defendant #3] that the Plaintiff did not receive Defendant #1 petition or any supporting evidence prior to the Hearing on April 1, 2024.**

And from page 17 from [Defendant #3] LT judge:

*1 "...-- I appreciate you being here*

*2 because you have -- you received a notice. I*

*3 understand that it's not signed, I understand that*

*4 the other documents were not attached to it, which*

---

[24] *See,* Exhibit 2: A copy of the complete April 1, 2024 Hearing Transcript pages 14-15.

*5 they should have been…"* [25]

<u>And from page 17 from [Plaintiff]:</u>

*22 "... So I believe*

*23 it's a violation of due process doctrine, Your Honor."* [26]

24.E. **The Court must conclude that the LT judge [Defendant #3] acknowledged Plaintiff did not receive Defendant's petition or any supporting evidence prior or at the LT Hearing held on April 1, 2024. Defendant #3 continued the Hearing anyway and published a fraudulent Final Judgment a few hours later; <u>stating that Plaintiff did receive the Petition.</u>**

25.<u>Claim 3:</u> The Court must issue an Emergency Injunction because the Final Judgment rendered in circumstances that raise substantial doubt about the integrity of the LT Judge [Defendant #3 and #4] with respect to the judgment that deprived the Plaintiff-the losing party of an adequate opportunity to present Plaintiff's case and the fact the <u>judgment was obtained by fraud</u>. **The LT judge [Defendant #3] fabricated evidence and committed fraud with the aid of Defendant #2.**

**Claim 3 Detail**

25.A. <u>Foundation:</u> The Court's April 1, 2024 **Final Injunction** [27] page 1 states the following:

---

[25] *See,* Exhibit 2: A copy of the complete April 1, 2024 Hearing Transcript <u>page 17</u>.
[26] *Id.*
[27] *See,* Exhibit 3: A copy of the Final Judgment of Injunction for Protection Against Exploitation of a Vulnerable Adult (After Notice) dated April 1, 2024.

13

*"A notice of this hearing was served on Respondent together with a copy of Petitioner's petition to this Court and the temporary injunction."* [28]

**25.B. <u>The LT judge [Defendant #3] committed fraud and lied in the Final Judgment.</u> Plaintiff was NEVER SERVED THE PETITION on or before the LT Hearing on April 1, 2024. The Hearing transcript speaks for itself. This is no error by Defendant #3; the Zoom Hearing was a few hours earlier; before the release of the Final Judgment document. Defendant #2 and Defendant #3 conspired to deprive Plaintiff of his civil rights and violated due process to irreparably harm Plaintiff, and enable the ceasing Plaintiff's property and incarcerate Plaintiff now with the Final Judgment in hand. [29]**

25.C. The Court must conclude the Plaintiff has proved beyond a reasonable doubt that a copy of the petition and other case documents were NOT served or received with the 9-page unsigned-unmarked **Temporary Injunction.** [30] <u>Repeating:</u> the LT judge [Defendant #3] had already acknowledged the at the Hearing (held just hours prior) that Plaintiff did not receive the petition prior to or at the Hearing:

<u>From April 1, 2024 Hearing Transcript the Defendant #3 Oral Pronouncements:</u>

> *1 "...-- I appreciate you being here*
>
> *2 because you have -- you received a notice. I*

---

[28] *See,* Exhibit 3: A copy of the Final Judgment of Injunction for Protection Against Exploitation of a Vulnerable Adult (After Notice) dated April 1, 2024 <u>Page 1</u>.
[29] *See,* Paragraphs ¶13 page 6 and ¶14 page 7 herein.
[30] *See,* Exhibit 4: A copy of the petition and other documents served by Appellee's attorney representative on April 12, 2024.

*3 understand that it's not signed, I understand that*

*4 the other documents were not attached to it, which*

*5 they should have been…"* [31]

**The LT ZOOM Hearing transcript evidence speaks for itself clearly proving the Final Judgment document is fraud and harmful.**

25.D. <u>Summary</u>: the **LT [Defendant #3] Final Judgment** statements clearly demonstrate the LT judge [Defendant #3] decided the case with prejudice, malice, and indifference to Plaintiff. <u>The Defendant #3 fraudulent statement is clear evidence of fraud upon the court by the court.</u> [32] [33] The Defendant #3 fabricated evidence in order to salvage the Hearing debacle and to fit a FALSE NARRATIVE of a *violation* of Florida Statute Section 825.1035 by Plaintiff.

26. <u>Claim 4:</u> The Court must issue an Emergency Injunction because the LT judge [Defendant #3] gave Plaintiff four days to hire an attorney in Florida and would not grant a continuance for more time. The April 1, 2024 hearing by Defendant #3 leading to the Final Judgment was <u>not compatible with the requirements of due process of law.</u>

**Claim 4 Detail**

<u>The Defendant #3 ignored the fact the Respondent was searching for an attorney and needed more time from page 12:</u>

---

[31] *See,* Exhibit 2: A copy of the complete April 1, 2024 Hearing Transcript <u>page 17</u>.

[32] *See,* 18 U.S.C § 371 - Conspiracy to Defraud the United States

[33] *See,* <u>Bullock v. United States</u>, 763 F.2d 1115, 1121 (10th Cir. 1985).

*"9 -- ... I'm currently seeking*

*10 legal representation, Your Honor."* [34]

<u>And from page 15 and 16:</u>

*"22 THE RESPONDENT: Your Honor, I'm not going to*

*23 stay on this call anymore. I just proved that*

*24 there's no evidence and (unintelligible) evidence in*

*25 this case and this is a violation of my civil rights.*

*1 I'm not going to answer any more questions here until*

*2 I get an attorney. I apologize, Your Honor."* [35]

<u>And from page 18:</u>

18 THE COURT: -- you're free to stay or you're

19 free to go.

20 THE RESPONDENT: I'll be leaving. Thank you,

21 Your Honor." [36]

<u>Now</u>, Defendant #2 and Defendant #3 are conspiring to **enable the ceasing Plaintiff's property and incarcerate Plaintiff with the Final Judgment in hand** [37]; **after denying Plaintiff legal representation during the Hearing.**

27. <u>Claim 5:</u> The Court must issue an Emergency Injunction because the Final

---

[34] *See,* Exhibit 2: A copy of the complete April 1, 2024 Hearing Transcript page 12.
[35] *Id.* Pages 15-16.
[36] *Id.* Page 18.
[37] *See,* Paragraphs ¶13 page 6 and ¶14 page 7 herein.

Judgment was rendered in circumstances that raise substantial doubt about the integrity of the rendering court with respect to the final judgment. The Court did not have jurisdiction to hold the Hearing on April 1, 2024: after ineffective service of process was proven by Plaintiff at the Hearing opening with Pleas for Relief; ignored by the LT judge [Defendant #3 and #4].

28. Claim 6: The Court must issue an Emergency Injunction because the LT judges [Defendant #3 and #4] did not have jurisdiction over the subject matter. Florida courts do not have jurisdiction over Plaintiff's Minnesota Power of Attorney [38] or matters involving Defendant #1 Minnesota real estate transactions, financing, debt, and payments [39].

29. Claim 7: The Court must issue an Emergency Injunction because the **District Court of Appeal of Florida Second District** ("Appeals Court") [Defendants # 5-#8] denied [Plaintiff's] Motion to Supplement the Record with exculpatory and inculpatory evidence which would have proven Defendants #1/#9/#10 petition was fraudulent and contain erroneous statements. This denial of critical evidence led to affirmation by the Appeals Court of the Final Judgement. The affirmation was not compatible with the requirements of due process of law and the Defendant #3 Final Judgment was **obtained by fraud** that deprived the Plaintiff-the losing party of an adequate opportunity to present Plaintiff's case by [Defendants #5-#8].

---

[38] *See,* Exhibit 11: A copy of the Statutory Short Form Power of Attorney Minnesota Statutes, Section 523.23 dated May 12, 2020 designating Brian Chubboy as POA signed by Nona Chubboy.
[39] *See,* Section IV: Introduction pages 7-8 herein.

### Claim 7 Detail

29.A Plaintiff filed a **Motion to Supplement the Record-Audio File** [40] dated

July 29, 2024 filed with the Appeals Court [Defendants #5-#8] (with a USB Drive

Audio Recording Attached dated June 2023 and included with this Emergency

Injunction filing with the Court mailed on March 12, 2025 by USPS).

"The approx.1.38-minute audio recording is from Appellee and was recorded on
Appellant's home phone answering machine in June 2023; concerning Appellee's
"coins". The recording directly contradicts Appellee's petition and proves
inextricably the undue influence of Julie McNeil.

<u>The Appellee's [Defendant #1] petition states:</u>

"*Additionally, in June 2022, Brian Chubboy took several suitcases of coins
from Nona Chubboy's home when he took her to Minnesota to allegedly live
with him and his wife forever. Brian has not returned the coins to Nona
Chubboy despite multiple requests by Nona.*" [41]

<u>And from the June 2023 audio recording - Nona Chubboy states:</u>

"*...Julie [McNeil] said where are the coins?*" [42]

*And-*

"*...Julie [McNeil] they are supposed to be here, so she [Julie McNeil]
finally went back again and she [Julie McNeil] said yes they are right here, I
said fine, why did you [Julie McNeil] tell me that...*" [43]

---

40 *See,* Exhibit 5: A copy of the Respondent's Motion to
Supplement the Record-Audio File dated July 29, 2024 filed with
the District Court of Appeal of Florida Second District (with
USB Drive Audio Recording Attached dated June 2023.
41 *See,* Exhibit 4: Attachment A: A copy of the Appellee's
petition filed with the Court on March 15, 2024 page 3 paragraph
number 4. Received by Appellant on April 12, 2024 from
Appellee's attorney [Defendant #2].
42 *See,* June 2023 Appellee's audio recording filed by Appellant
on July 11, 2024 with the Court start approx. 15 seconds.
43 *See,* June 2023 Appellee's audio recording filed by Appellant
on July 11, 2024 with the Court start approx. 38 seconds.

Appellant has <u>never</u> possessed Appellee's coins; thus, there is no evidence supporting this erroneous and fraudulent statement; such as coin inventory list, description, appraised value, or even a simple count of the Appellee's "missing" coins or <u>any evidence</u> of the *"multiple requests by Nona."* The June 2023 audio recording proves Appellee had the coins and Julie McNeil's undue influence. This is a fabricated fraudulent tale from Julie McNeil and Appellee's attorney. Which will not hold up in discovery or at trial." [44] [45]

29.B. This is one example of the <u>fraudulent and erroneous statements</u> in the Petitioner's [Defendant #1] petition that would be confirmed if the Appeals Court [Defendants # 5-#8] and the LT [Defendant #3 and #4] would have allowed discovery in this case; as required by due process. <u>Plaintiff was provided no opportunity by either court to a defense in this case.</u>

29.C. Respondent was given NO opportunity to defend against the Defendants #1, #2, #3, #9 and #10 actions in this case. **NONE. Now these Defendants are conspiring to enable the ceasing Plaintiff's property and incarcerate Plaintiff <u>now</u> with the Final Judgment in hand [46]; after the Appeals Court [Defendants #5-#8] <u>denied</u> Plaintiff Motion to include inculpatory and exculpatory evidence in this case; without citing fact or law.**

30. <u>Claim 8:</u> The Court must issue an Emergency Injunction because the Appeals Court [Defendants # 5-#8] opinion [47] dated January 3, 2025 denied Plaintiff's appeal by affirming the Appeals Court [Defendants # 5-#8] by "Per Curiam,

---

[44] *See,* Exhibit 5: A copy of the Respondent's Motion to Supplement the Record-Audio File dated July 29, 2024 filed with the District Court of Appeal of Florida Second District (with USB Drive Audio Recording Attached) dated June 2023 pages 1-2.
[45] Julie McNeil is Plaintiff's sister [Defendant #10].
[46] *See,* Paragraphs ¶13 page 6 and ¶14 page 7 herein.
[47] *See,* Exhibit 6: A copy of the District Court of Appeal of Florida Second District opinion dated January 3, 2025.

Affirmed" <u>without</u> providing any fact or law citation. Without a decision explaining "expressly and directly" there is no way to argue the decision. [48] Plaintiff could not appeal the case further to the Florida Supreme Court. Plaintiff asserts this is another **violation of due process** in this case and why the Court must issue an Emergency Injunction. The Appeals Court [Defendants # 5-#8] ignored the numerous violations of Plaintiff's civil rights presented herein and <u>propagated the use of the fraudulent Final Judgment</u> document to enable the Defendants to cease Plaintiff's property and incarcerate Plaintiff based on the Appeals Court [Defendants # 5-#8] opinion [49] dated January 3, 2025 provided without any basis in law or fact cited.

31. <u>Claim 9:</u> The Court must issue an Emergency Injunction because the Plaintiff is a Pro Se Litigant and Pro Se pleadings are to be considered without regard to technicality; pro se litigants' pleadings are not to be held to the same high standards of perfection as lawyers; by law.

32. <u>Claim 10:</u> Lastly, the Court must issue an Emergency Injunction to protect Plaintiff from further harm because the evidence provided rises to the level of a 42 U.S.C. 1983 and 42 U.S.C. 1985 complaint for violations of civils rights for the Defendants listed in Attachment A. Plaintiff will file formal complaints for a jury trial; after the Court's decision on the merits of Plaintiff's request for the Emergency Injunction.

---

[48] *See,* Fla. R. App. 9.030 (a)(2)(A).
[49] *See,* Exhibit 6: A copy of the District Court of Appeal of Florida Second District opinion dated January 3, 2025.

# **Attachment C:**

## **VI. IRREPARABLE INJURY**

33. Plaintiff has already suffered **irreparable harm** due to the LT and Appeals Court numerous violations of the U.S. Constitution Fourteenth Amendment Section 1. The LT has already distributed the Final Judgment [50] to Florida government websites [51] and Florida law enforcement. Which in turn the content has been to distributed to public and private IT server; search engines [52] globally.

33.A. The Defendants are in the process of using the fraudulent Final Judgment to cease Plaintiff's property and in property and the incarceration of Plaintiff; which would result in additional irreparable harm.

33.B. Plaintiff is a disabled person on a fixed income. Plaintiff suffers from a Traumatic Brain Injury (TBI) from a fall on Defendant's property on February 15, 2023. Plaintiff has numb feeling in both legs, ataxia, vision issues, and cannot sit or walk without severe pain after 20 minutes. In addition, Plaintiff needs CPAP to survive. Any incarceration would be detrimental to Plaintiff life. Plaintiff medial issues are fully documented. Plaintiff would need a protective order; before releasing the **medical documents** as well as the **witness list** for this Emergency Injunction. Plaintiff undergoes weekly medical treatment.

---

[50] *See,* Exhibit 3: A copy of the Final Judgment of Injunction for Protection Against Exploitation of a Vulnerable Adult (After Notice) dated April 1, 2024.

[51] *See,* Exhibit 13: A copy of Brian Chubboy search results: Pinellas County Clerk of the Circuit Court and Comptroller(mypinellasclerk.gov).

[52] *See,* Exhibit 14: A copy of Brian Chubboy search results In Re: Nona Chubboy Vs. Brian Chubboy Court Records | Trellis.Law states "Chubboy, Nona filed a(n) **Domestic Violence-Family case** against Chubboy, Brian, in the jurisdiction of Pinellas County, FL Superior Courts Circuit with Campbell,Pamela A presiding."

## VII. RELIEF SUMMARY

34. Plaintiff is requesting relief in the form of an **Emergency Injunction** from the U.S. District Court for the Middle District of Florida Tampa Division ("Court") against the use of the Sixth Judicial Circuit ("LT") Final Judgment of Injunction for Protection Against Exploitation of a Vulnerable Adult dated April 1, 2024 ("Final Judgment") for ceasing Plaintiff's property, issuing new hearings, as a basis for any legal action, and for the incarceration of Plaintiff.

35. The Court must issue an **Emergency Injunction** to protect Plaintiff from further harm because the evidence provided herein rises to the level of a 42 U.S.C. 1983 and 42 U.S.C. 1985 complaint for violations of civils rights for the Defendants listed in Attachment A.

36. Plaintiff will file formal complaints for a jury trial to Court; after the Court's decision on the merits of Plaintiff's request for the Emergency Injunction.

**Thank you.**