UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRIAN C. CHUBBOY,

    Plaintiff,

v.                                                          Case No. 8:25-cv-586-TPB-LSG

NONA C. CHUBBOY, et al.,

    Defendants.
_____/

## ORDER DISMISSING CASE

This matter is before the Court *sua sponte* on Plaintiff Brian C. Chubboy's complaint, filed *pro se* on March 11, 2025. (Doc. 1). Plaintiff filed this suit against two state court judges, an attorney, and an individual person, essentially alleging violations of his constitutional rights in state court proceedings against him. In his complaint, Plaintiff requests an "emergency injunction" to prevent the enforcement of the Sixth Judicial Circuit's final judgment.[1] Because Plaintiff is proceeding *pro se*, the Court more liberally construes the pleadings. *See Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2018).

Plaintiff's complaint suffers from a number of defects. Most critically, Plaintiff's allegations show nothing more than his disagreement with decisions judges have made in his cases while acting in their judicial capacities. As the Eleventh Circuit explained:

---

[1] Based on the court records, it appears the state court entered a final judgment against Plaintiff that included an injunction for protection against the exploitation of a vulnerable adult, Nona Chubboy. See *Chubboy v. Chubboy,* No. 24-002817-GD (Fla. 6th Jud. Cir.). The state court judgment was *per curium* affirmed by the Second District Court of Appeal on January 3, 2025, and the mandate issued on February 6, 2025. *See Chubboy v. Chubboy*, No. 2D2024-1002 (Fla. 2d DCA).

> "Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the 'clear absence of all jurisdiction.'" *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (citations omitted). Judges are also generally immune from injunctive and declaratory relief unless (1) a declaratory decree was violated or (2) declaratory relief is unavailable. *Id.* at 1242. "A judge enjoys immunity for judicial acts regardless of whether he made a mistake, acted maliciously, or exceeded his authority." *McCullough v. Finley*, 907 F.3d 1324, 1331 (11th Cir. 2018).

*McCree v. Griffin*, No. 19-14646-A, 2020 WL 2632329, at *1 (11th Cir. May 20, 2020). Importantly, "judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)).

Considering the allegations in the complaint, the Court finds that Judge Campbell and Judge Crane are entitled to absolute judicial immunity. *See, e.g., McCree*, 2020 WL 2632329, at *1-2 (holding that judge was entitled to absolute judicial immunity from injunctive relief and money damages where plaintiff alleged that judge violated his constitutional rights by arbitrarily denying motion); *Bolin*, 225 F.3d at 1239-40 (holding that federal judges are entitled to absolute judicial immunity from injunctive relief and money damages for acts taken in their judicial capacity unless jurisdiction is clearly absent); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (explaining that judge will not be deprived of immunity even if action was in error, done maliciously, or in excess of his authority, and he is only subject to liability in the clear absence of all jurisdiction); *Austin v. McCann*, No. 22-12157, 2023 WL 3335312, at *2-3 (11th Cir. May 10, 2023) (holding that hearing officer appointed by the chief judge of the judicial circuit was entitled to absolute judicial immunity); *Hutcheson v. Campbell*, No. 8:23-cv-105-TPB-

SPF, 2023 WL 2352845, at *3-4 (M.D. Fla. Feb. 13, 2023) (holding that state court child support hearing officer was entitled to absolute quasi-judicial immunity), *report and recommendation adopted*, 2023 WL 2351691, at *1 (M.D. Fla. Mar. 3, 2023) (dismissing case). Because Plaintiff's allegations emanate from actions taken by these judges in their official judicial capacities during proceedings over which they had jurisdiction, the judges are absolutely immune from civil liability.

As to the remaining Defendants, the Court still does not possess jurisdiction to hear this dispute. "By federal statute, established constitutional case law, and longstanding federal policy, federal courts will enjoin state court proceedings only in narrowly defined and strictly limited instances." *Claughton v. Donner*, 771 F. Supp. 1200, 1203 (S.D. Fla. 1991). Indeed, "[u]nder the Anti-Injunction Act, 28 U.S.C. § 2283, '[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.'" *Id*. at 1203 (quoting *Younger v. Harris*, 401 U.S. 37, 40 (1971)). Here, Plaintiff effectively asks this Court to stay a state court injunction entered against him. But this is exactly what the Anti-Injunction Act precludes, and none of the exceptions to it otherwise apply. Accordingly, Plaintiff's claims are barred by the Anti-Injunction Act.

Next, the complaint appears to take issue with state court rulings, orders, and judgments. Plaintiff's claims are therefore likely barred by the *Rooker-Feldman* doctrine because he essentially seeks review of state court proceedings and rulings by a federal court. Federal courts are not the appropriate court for the appeal of state court decisions. "It is well-settled that a federal district court lacks jurisdiction to review, reverse, or

invalidate a final state court decision." *Dale v. Moore*, 121 F.3d 624, 626 (11th Cir. 1997) (citations omitted).  This jurisdictional bar "extends not only to constitutional claims presented or adjudicated by a state court, but also to claims that are 'inextricably intertwined' with a state court judgment." *Incorvaia v. Incorvaia*, 154 F. App'x 127, 128 (11th Cir. 2005) (quoting *Goodman ex. rel Goodman v. Sipos*, 259 F. 3d 1327, 1332 (11th Cir. 2001)).

Finally, to the extent that Plaintiff is asking the Court to intervene in any ongoing state court proceeding, the Court would abstain from doing so under the *Younger* abstention doctrine.  Under the *Younger* abstention doctrine, "federal courts ordinarily must refrain from deciding the merits of a case when (1) there is a pending state judicial proceeding; (2) the proceeding implicates important state interests; and (3) the parties have an adequate opportunity to raise any constitutional claims in the state proceeding." *See Newsome v. Broward Cty. Pub. Defenders*, 304 F. App'x 814, 816 (11th Cir. 2008) (citing *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).  Upon consideration of these factors, the Court finds that abstention is warranted to the extent that any of the state court proceedings referenced in the complaint remain active and pending.

For these reasons, this action is dismissed.  Courts possess authority to *sua sponte* dismiss an action but are generally required to provide a plaintiff with notice of the intent to dismiss and give them an opportunity to respond.  *See Quire v. Smith*, No. 21-10473, 2021 WL 3238806, at *1 (11th Cir. July 30, 2021) (citing *Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011)).  "An exception to this requirement exists, however, when amending the complaint would be futile, or when the complaint is patently

frivolous." *Id.* (citing *Tazoe,* 631 F.3d at 1336). Because amendment would be futile, the case is dismissed without leave to amend.

Simply put, if Plaintiff is unhappy with decisions made by the judge in his cases, his remedy is to file an appeal, not to sue the judges and others associated with his case(s). **Plaintiff is warned that if he files frivolous cases in this Court, he may be subject to sanctions pursuant to Federal Rule of Civil Procedure 11(c), including monetary sanctions or injunctive relief directing the Clerk to not accept future filings by Plaintiff without first obtaining prior leave of the Court.**

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) Plaintiff's complaint (Doc. 1) is **DISMISSED WITH PREJUDICE**.

(2) The Clerk is directed to terminate any pending motions and deadlines, and thereafter close this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 18th day of March, 2025.

TOM BARBER
UNITED STATES DISTRICT JUDGE